# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In Re:* **S.A. and S.A.**

**No. 12-1181** (Roane County 11-JA-7 & 8)

**FILED**

March 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother filed this appeal, by counsel Loren B. Howley, from the Circuit Court of Roane County which terminated her parental rights by order entered on September 25, 2012. The guardian ad litem for the children, Anita Harold Ashley, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee Niezgoda, also filed a response in support of the circuit court's order. Petitioner Mother has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2011, the DHHR filed the petition that initiated this case. Its petition alleged that Petitioner Mother failed to protect her children from their father, a previously convicted sex offender. Subsequent to this first petition, the DHHR filed two more amended petitions. Both amended petitions expanded on the initial petition's allegations, outlining instances in which the father exhibited inappropriate behavior with minor children and another instance where he sexually molested Petitioner Mother's daughter. Although Petitioner Mother denied knowledge of some instances, she admitted to knowing about others. During the course of the proceedings, Petitioner Mother participated in psychological evaluations and motioned for a post-adjudicatory improvement period. Ultimately, the circuit court denied Petitioner Mother an improvement period and terminated her parental rights to both children. Petitioner Mother appeals.

Petitioner Mother argues that the circuit court erred in denying her a post-adjudicatory improvement period and terminating her parental rights. In support, she asserts that there was insufficient evidence that she would fail a post-adjudicatory improvement period because: (a) before DHHR got involved with the family, she took appropriate actions to remove the children from their abusive father and there is no evidence that she ever resumed a relationship with him; (b) she repeatedly requested services; (c) she consistently demonstrated high motivation to participate in this case and any services necessary; and (d) the DHHR made no effort to provide services to preserve or reunify the family. Petitioner Mother argues that the only services the DHHR offered her were for psychological evaluations, both of which she participated.

The children's guardian ad litem and the DHHR respond and argue that the circuit court did not err in denying Petitioner Mother's motion for an improvement period or err in

1

terminating her parental rights. They argue that Petitioner Mother failed to ever acknowledge that her daughter was a victim of sexual abuse by the father and that she has failed to exhibit the capacity to change and improve for the children's well-being. The DHHR also adds that although Petitioner Mother requested services from the DHHR, she also constantly blamed Child Protective Services ("CPS") for her children's removal and refused to work with staff and others throughout the case. Petitioner Mother's reply brief asserts that there has not been any evidence that shows that services would be ineffective.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of Petitioner Mother's parental rights without a post-adjudicatory improvement period. Pursuant to West Virginia Code § 49-6-12, the subject parent bears the burden of proving that he or she would substantially comply with an improvement period and the circuit court has the discretion to grant or deny this improvement period. The Court finds that the circuit court was presented with sufficient evidence upon which it based findings that Petitioner Mother would not substantially comply with an improvement period. Our review also supports the circuit court's findings that there were no reasonable grounds to believe that conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm the circuit court's order terminating petitioner's parental rights to the subject children.

Affirmed.

2

**ISSUED:  March 12, 2013**

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II